UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CASE NO.: **1:07-cv-168-PB**

Rachel NEAL; for herself and on behalf of )
all others similarly situated; )
)
   Plaintiff; ) **STIPULATED PROTECTIVE**
) **ORDER**
v. )
)
XL LIFE INSURANCE AND ANNUITY )
CO.; )
)
   Defendant. )

     The parties hereby stipulate, through their undersigned counsel, subject to the approval of the Court, as follows:

     1.    *Scope.*  This Order shall govern all documents, testimony and other discovery materials by any person in response to any method of discovery conducted by plaintiff Rachel Neal or defendant XL Life Insurance and Annuity Co. ("XL") in this case under the *Federal Rules of Civil Procedure.*

     2.    *Confidential Material.*  Whenever in the exercise of careful judgment and in good faith any party to this action, or third party that is subject to a discovery request, determines that any part of any response to a request for discovery should be treated as confidential because it is believed to contain trade secrets or confidential research, financial, commercial, or personnel information, that party (the "Designator") shall have the right to designate the information as "Confidential." The Designator shall mark each confidential page of a document with the words "Confidential" as appropriate, prior to

the transmission of a physical copy thereof to the other party or parties. The right to designate information as "Confidential" shall not be limited to information produced by the designating party, but shall include information produced by other parties, including, but not limited to, third parties. As to those documents that counsel produces for examination by opposing counsel for the purpose of determining which of those documents opposing counsel desires copies, said documents shall be subject to this Order, whether or not marked, until copies thereof are requested and supplied, and thereafter only if the copies supplied are marked as provided in this paragraph or otherwise designated as Confidential. Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made therefrom shall be "Confidential Material" and subject to the restrictions set forth herein.

3.  *Restrictions on Use of "Confidential Material".* Confidential Material shall be disclosed only to the following persons:

    (a)  Counsel representing the receiving party in this action, or in-house counsel who supervise or assist in the supervision of this action;

    (b)  Deposition court reporters, videographers, and their staff;

    (c)  Stenographic, paralegals, clerical and other employees of the receiving party or counsel referred to in subparagraph (a) above;

    (d)  Independent experts and advisors who are retained by either party to perform investigative work, fact research or other services relating solely to this action;

(e) Deponents during the preparation for or during the course of their deposition; trial witnesses as part of their preparation for trial; and, if admitted into evidence, trial witnesses during their testimony;

(f) The parties to this litigation;

(g) This Court and its personnel including, but not limited to the jury and stenographic reporters during the trial of the above-captioned action; and

(h) Any individual who has previously signed and/or received of any such Confidential Material; and

(i) Others as may be specifically allowed under the terms of this Order.

4. **Agreement to Comply with Order.** Confidential Material may be disclosed to persons listed in paragraph 3(d) and (e) above upon compliance with the following requirements:

(a) Each person shall first be advised by the attorney making the disclosure that pursuant to this Order the person may not divulge any Confidential Material to any other person, except in the preparation or trial of this action, and that disclosure in the preparation or trial of this action is limited to person entitled to knowledge of Confidential Material under this Order.

(b) The attorney shall secure from each person a written declaration that he or she has read this Order, agrees to be bound by this Order and understands that pursuant to this Order he or she shall not divulge any Confidential Material except in the preparation or trial of this action, and that he or she will not use the Confidential Material for any other purpose. A form of such written declaration is attached hereto as Attachment A. A copy of this written declaration, together with a list of Confidential Material disclosed to the person and the date of

disclosure, shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals.

(c)     Confidential Material may be disclosed to deponents during the course of depositions if: (1) the attorney making the disclosure first advises the deponent that, pursuant to this Order, the person may not divulge Confidential Material to any other person, and (2) the Confidential Material is not left in the possession of the deponent, unless the deponent qualifies for access to Confidential Material pursuant to this Order.

5.      **Depositions.**  Any party or third party may designate portions of deposition testimony as Confidential. If the designation is made at the deposition, the reporter of any deposition containing Confidential Material shall separately transcribe testimony so designated and shall stamp or mark that fact on the transcript accordingly. In addition to designating Confidential Material as confidential during the deposition, notify the other parties that the deposition testimony contains additional Confidential Material, in which case the entire deposition transcript and exhibits shall be deemed Confidential from the time of such notification until 10 days have elapsed following receipt by the deponent of the entire deposition transcript and exhibits. During this period, the party shall designate specific portions of the transcript and any exhibits as Confidential Material and shall give written notice to opposing counsel of the specific portions of transcripts and specific exhibits which have been designated as Confidential Material. Only such designated portions and exhibits shall be Confidential Material at the expiration of the second 10-day period.

6.      **Objections to Confidentiality Designation.**  If at any time a party objects to a designation of information as Confidential under this Order, the objecting party shall notify the designating party in writing. Within fifteen days of the receipt of such notice, the Designator

shall either withdraw the designation or apply for a ruling on the confidential status of the information. The confidential status of the information shall be maintained until final ruling on the application. If the Designator does not apply for a ruling within the fifteen day period, the designation shall be deemed withdrawn.

7. **Disclosure.** No copies of Confidential Material shall be made except by or on behalf of attorneys of record in this case for the purpose of the attorneys' use in this litigation only. Any attorneys making copies of Confidential Material shall maintain all copies within their control and take necessary precautions to prevent persons not authorized as provided above from obtaining access to such information. Notwithstanding the foregoing, any individual who has previously signed and/or received a copy of any such Confidential Material may be provided with additional copies of it.

8. **No Waiver.** The production of any document or other discovery material by plaintiffs, defendant, or third parties under this Order shall be without prejudice to any claim that the material is Confidential. Any inadvertent production by plaintiffs, defendant, or third parties under this Order of any Confidential Material which is contrary to the terms of this Order shall remain confidential until the party responsible for the inadvertent disclosure is notified or becomes aware of the inadvertent production. The party inadvertently producing Confidential Material shall undertake reasonable efforts to retrieve the disclosed items. Alternatively, the parties may consent to treating any inadvertently disclosed Confidential Material as confidential under the terms of this Protective Order.

9. **Filing.** In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other

paper filed with the Clerk of this Court, Confidential material shall be filed in accordance with the local rules for the District of New Hampshire.

10. **Filing Procedure.** Should any information designated Confidential become incorporated in, or attached as exhibits to, any affidavits, discovery response, deposition transcript, motions, briefs, memoranda, hearing transcripts, trial transcripts, or exhibits to be filed with this Court, such papers shall be filed with the Clerk of the Court in accordance with the local rules for the District of New Hampshire.

11. **Use of Material.** Confidential Material produced in connection with this litigation shall be used and disseminated only for purposes of prosecuting and defending this action, including appeals, and not for any other litigation or any business purpose whatsoever.

12. **Return of Discovery Materials.**

    (a) Subject to the provisions of this section, plaintiffs may retain copies of all discovery materials provided by defendant.

    (b) Within sixty (60) days of the termination of this case, or if class certification is denied in this case, then within sixty (60) days of said denial, plaintiffs' counsel shall: (i) destroy all Confidential Material as defined in this Order, including any extracts, summaries or compilations taken therefrom and any copies thereof (a written verification of such destruction shall be provided to counsel for the producing party within the sixty (60) day period); or (ii) deliver to the producing party at the producing party's expense all copies of such documents, transcripts or other materials; provided, however, that upon production of a log describing such material in reasonable detail, and subject to objection by defendant, plaintiffs' counsel may retain any extracts, summaries or compilations which in the good faith judgment of counsel are work-product materials.

(c) The termination of proceedings in this action shall not relieve the persons described in paragraph 3 above from the obligation of maintaining the confidentiality of all Confidential Material received pursuant to this Order, unless the Court orders or permits otherwise.

13. **Exclusion of Third Parties.** Whenever information designated as Confidential is to be disclosed at any deposition or other hearing or proceeding, including trial, any party or third party claiming confidentiality may exclude from the room any person other than persons identified in paragraph 3 of this Order, for the confidential portion of that proceeding.

14. **Objections.** All objections as to the admissibility into evidence of the documents produced subject to this Order are reserved until trial of this case.

15. **Retention of Jurisdiction.** The Court retains jurisdiction to make amendments, modifications and additions to this Order. Any party may apply to the Court for amendment or modification of or addition to this Order at any time for good cause.

Date: November 16, 2007      /s/ James R. Muirhead
                              United States Magistrate Judge


Stipulated and Agree To:

By: /s Edward K. O'Brien                By: /s Christopher Cole
    Edward K. O'Brien                       Christopher Cole, NH Bar No. 8725
    O'Brien Law Firm, PC                    Sheehan Phinney Bass & Green, P.A.
    One Sundial Avenue, 5th Floor           1000 Elm Street, P. O. Box 371
    Manchester, NH 03103                    Manchester, NH 03105-3701
    Phone:  (603) 672-3800                  Phone:  (603) 627-8223
    Fax:    (603) 672-3815                  Fax:    (603) 641-2339

| ATTACHMENT A |
|---|

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

CASE NO.: **1:07-cv-168-PB**

Rachel NEAL; for herself and on behalf of all others similarly situated;

   Plaintiff;

v.

XL LIFE INSURANCE AND ANNUITY CO.;

   Defendant.

**DECLARATION CONCERNING CONFIDENTIAL MATERIAL**

The undersigned hereby states as follows:

1. I have read the Stipulated Protective Order entered in the above-captioned matter.

2. I agree to be bound by the terms of the Stipulated Protective Order.

3. I understand that, pursuant to the Stipulated Protective Order, I shall not divulge any such material except in the preparation or trial of this action, and that I will not use the material for any other purpose.

4. I understand that I am subject to penalties, including citation for contempt and/or other sanctions of the Court if I violate my obligations under the Protective Order, and I consent to the above Court's jurisdiction for this purpose.

I hereby declare that the foregoing is true and correct.

Signed: _____

Print Name: _____

Date: _____